From W. E. Shaffer, Lock Haven, Pa.

---

## Konagiskie v. Kolesa.

*Replevin — Service of declaration — Judgment for want of affidavit of defence—Acts of April 19, 1901, and March 19, 1923.*

1. Under the Replevin Acts of April 19, 1901, P. L. 88, and March 19, 1923, P. L. 14, the fifteen days which must elapse before judgment for want of an affidavit of defence can be taken run from the date of the service of the declaration and not from the date of filing it.

2. The purpose of requiring service of a copy of the declaration before judgment can be taken by default is to enable the defendant to file an affidavit of defence.

3. Where the language of a statute, in its ordinary meaning and grammatical construction, leads to a manifest contradiction of the apparent purpose of the enactment or to some inconvenience or absurdity, hardship or injustice, presumably not intended, a construction may be put upon it which modifies the meaning of the words and even the structure of the sentence.

Rule to vacate order striking off judgment. C. P. Schuylkill Co., Sept. T., 1925, No. 51.

*J. O. Ulrich,* for plaintiff; *Martin V. McGuire,* for defendant.

BERGER, J., Nov. 2, 1925.—This is a rule to show cause why an order of this court, entered Oct. 12, 1925, striking off a judgment on rule, by agreement of counsel, should not be vacated. July 9, 1925, the plaintiff issued a summons in replevin, which was properly served on the defendant July 17, 1925, together with a copy of plaintiff's declaration which was filed with his præcipe for the writ of summons. July 27, 1925, the plaintiff took judgment for want of an affidavit of defence. Aug. 5, 1925, the defendant obtained a rule to show cause why the judgment entered by default should not be struck off, because it appeared on the face of the record that less than fifteen days intervened from the service of the declaration until judgment was taken. This rule, as before stated, was, after argument in open court, made absolute by the agreement of plaintiff's counsel. He now contends that the judgment entered by default is good, because more than fifteen days elapsed from the

date of filing the plaintiff's declaration and the entry of the judgment, although but eight days intervened between the service of the declaration and the entry of judgment.

The question for determination is whether the fifteen days which must elapse before judgment for want of an affidavit of defence can be taken in actions of replevin date from the filing of the declaration or from the service of it. Section 4 of the Act of April 19, 1901, P. L. 88, regulating practice in replevin, requires the plaintiff to file a declaration consisting of a concise statement of his demand, setting forth the facts upon which title to his property is based, and authorizes the defendant to rule the plaintiff to file a declaration within fifteen days, in case none has been filed, and to take judgment of *non pros.* in the event of default. Section 5 of the Replevin Act, as amended by the Act of March 19, 1923, P. L. 14, requires the defendant to file an affidavit of defence fifteen days after the filing of the plaintiff's declaration, and, in case of failure so to do, provides that "upon proof that a copy of said declaration was served upon him or his attorney," judgment may be entered by default.

It is to be noted that judgment in default of an affidavit of defence cannot be taken unless the plaintiff's declaration has been on file fifteen days and a copy thereof has been served on the defendant or his counsel. The evident purpose for requiring service of a copy of plaintiff's declaration before taking judgment by default is to enable the defendant to file an affidavit of defence. If judgment by default may be taken, as the plaintiff contends, immediately after a copy of his declaration, on file fifteen days, has been served, the purpose of the legislature in requiring notice of plaintiff's claim to be given to the defendant before judgment by default may be taken is entirly defeated. Unless the defendant made a daily inspection of the record in the action brought against him for the purpose of ascertaining whether the plaintiff's declaration had been filed, the plaintiff could, at his own will, determine the time which the defendant might have to prepare and file his affidavit of defence by the mere expedient of delaying service of his declaration after its filing, or he could, by delaying service until fifteen days after his declaration had been filed, preclude the defendant from filing any affidavit of defence. In our opinion, the manifest purpose of the act is to give every defendant a period of fifteen days after service of a copy of plaintiff's declaration upon him within which to file his affidavit of defence. This would place the plaintiff and the defendant upon equal terms. By interpolating the words "and service" in the second line of the 5th section of the act, making it read, "the defendant or party intervening shall, within fifteen days after the filing (and service) of such declaration, file an affidavit of defence thereto," the manifest hardship and injustice, presumably not intended by the legislature, of requiring the defendant to file an affidavit of defence to plaintiff's claim before the expiration of fifteen days after its service, is avoided. The applicable rule of statutory construction is stated in Endlich on the Interpretation of Statutes, § 295, pages 399, 400, as follows: "Where the language of a statute, in its ordinary meaning and grammatical construction, leads to a manifest contradiction of the apparent purpose of the enactment, or to some inconvenience or absurdity, hardship or injustice, presumably not intended, a construction may be put upon it which modifies the meaning of the words and even the structure of the sentence. This is done sometimes by giving an unusual meaning to particular words; sometimes by altering their collocation, or by rejecting them altogether, or by interpolating other words; under the influence, no doubt, of an irresistible conviction that the legislature could not possibly

have intended what its words signify, and that the modifications thus made are mere corrections of careless language and really give the true intention."

Rule discharged, at the cost of the plaintiff.

From M. M. Burke, Shenandoah, Pa.